UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>WALTER D. CATTON, JR.<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) |

Chapter 7
Case No. 14-41468-MSH

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION**

The debtor, Walter D. Catton, Jr, and the trustee, David M. Nickless, dispute Mr. Catton's entitlement to exempt from his bankruptcy estate Mr. Catton's property at 185 Westford Street in Lowell, Massachusetts. The parties have filed a joint statement of agreed facts and the matter is now ripe for adjudication.

Background

The Westford Street property consists of a two-story structure located in an area zoned by the City of Lowell as Urban Single Family (USF). Mr. Catton purchased the property in 1981 and has resided there continuously since then. At all times relevant to this matter Mr. Catton maintained his residence on the second floor of the property and used the first floor as the office for his insurance agency. There are separate entrances for Mr. Catton's residence and the insurance agency office. A sign for the Catton Insurance Agency is affixed to the façade over the front entrance to the first floor office. Of the 3,762 square feet of gross floor area in the property, 2,313 square feet are occupied by Mr. Catton's residence.

Section 4.3.3 of the City of Lowell zoning ordinance provides that USF zoning allows as a matter of right a business or occupation to be run out of a home provided that, among other things, the business "is conducted solely by the person(s) occupying the dwelling as a primary

residence . . ., is clearly incidental and secondary to the use of the premises for residential purposes and is the only home occupation on the lot." The ordinance also provides that the occupation or business be conducted in a dwelling that "does not exhibit any exterior indication, including signs, of its presence or any variation from residential appearance." Section 4.3.4 of the same ordinance allows the owner of a compliant USF-zoned home containing a business to affix a sign or nameplate to the building as the only exterior indication that a business is being conducted at that location provided a special permit is obtained. There has been no allegation that the Westford Street property is in violation of the City of Lowell zoning ordinance.

On June 27, 2014, Mr. Catton, who is 75 years of age, recorded a Declaration of Elderly Homestead with respect to the Westford Street property.[1] On June 29, 2014, Mr. Catton filed in this court his voluntary petition for relief under chapter 7 of the Bankruptcy Code (Title 11 of the Unites States Code) and on schedule C (exempt property) accompanying his petition claimed the Westford Street property as exempt based on the Declaration of Elderly Homestead. Mr. Nickless has objected to Mr. Catton's claim of exemption on the grounds that protection under the Massachusetts homestead statute is not available to property that is used for mixed residential and commercial activities.

---

[1] Section 2 of the Massachusetts homestead statute, Mass. Gen. Laws ch. 188, permits a disabled or "elderly" owner, the latter defined by § 1 as an owner aged 62 or older, to protect up to $500,000 of the equity in the owner's home if a declaration of homestead is filed in accordance with the requirements of the statute. Unlike the protection available to an owner who files a declaration of homestead but is not entitled to protection under § 2, each disabled or elderly owner is entitled to protect his equity up to $500,000 regardless of whether the declaration is filed individually or jointly. In other words, a married couple, both of whom are elderly and who have filed a joint declaration of elderly homestead, may "stack" their homesteads to protect up to $1,000,000 of their equity. Because Mr. Catton is unmarried, his homestead declaration entitles him to a $500,000 exemption.

Discussion

The Massachusetts homestead statute permits an owner to declare a homestead on a home to protect it from claims of creditors. "Home" is defined in the statute as

> the aggregate of: (1) any of the following: (i) a single-family dwelling, including accessory structures appurtenant thereto and the land on which it is located; (ii) a 2 to 4-family dwelling, including accessory structures appurtenant thereto and the land on which it is located; (iii) a manufactured home as defined in section 32Q of chapter 140; (iv) a unit in a condominium, as those terms are defined in section 1 of chapter 183A, that is used for residential purposes; or (v) a residential cooperative housing unit established pursuant to chapters 156B, 157B, 180 or otherwise; (2) the sale proceeds as provided in clause (1) of subsection (a) of section 11; and (3) the proceeds of any policy of insurance insuring the home against fire or other casualty loss as provided in clause (2) of said subsection (a) of said section 11.

Mass. Gen. Laws. ch. 188, § 1.

The homestead statute in effect for many years prior to the 2010 enactment of the current law did not contain a definition of home. Over time, case law helped shape a definition. In *In re Edwards*, 281 B.R. 439 (Bankr. D. Mass. 2002), the court determined that two separately deeded parcels could be a home subject to homestead protection so long as the second parcel was used and occupied in connection with the residence. *See also Fiffy v. Nickless (In re Fiffy)*, 293 B.R. 550 (B.A.P. 1st Cir. 2003). *In re Carey*, 282 B.R. 118 (Bankr. D. Mass. 2002), held that the term home included the entirety of a three-family house of which one apartment was occupied by the owner. The *Carey* court noted

> that the homestead statute extends the estate of homestead to the whole of the lands and buildings that constitute the owner's "home," limited only by the dollar value of the exemption. The statute sets forth no other express limitation, and does not define "home." Homes come in many forms and are put to many uses. They variously include rental units, home offices from which the owners conduct business and earn their livings, professional and for-profit workshops and studios, land used for farming or storage of vehicles, and land and rooms that (though

3

within the house) the owners never actually occupy or use in any meaningful sense.

*Id.* at 119; *see also In re Brizida*, 276 B.R. 316 (Bankr. D. Mass. 2002).

While no legislative history of the current homestead statute exists, it would not be unreasonable to surmise that the statute's definition of "home" in section 1 was the legislature's attempt to codify the rulings in cases like *Edwards* and *Carey*. Within that definition, the category of real estate that would apply to the Westford Street property is the first one, "a single-family dwelling, including accessory structures appurtenant thereto."

The Massachusetts Supreme Judicial Court has defined the term "dwelling" as a structure used for residential purposes. *See Fafard v. Lincoln Pharmacy of Milford, Inc.*, 439 Mass. 512, 515 (2003) ("Because a tenant's right to bring a counterclaim is explicitly limited in § 8A to premises 'rented or leased for dwelling purposes,' it is clear that it applies only to summary process actions in residential cases."); *Madaket Realty, Inc. v. Bd. of Appeals of Nantucket*, 402 Mass. 137, 139 (1988) ("'dwelling' is defined in terms of the physical structure of a residential building, i.e., the edifice itself "). Thus the term "single family dwelling" under the homestead statute would mean a residential structure or edifice used by one family or individual.

Mr. Nickless argues, quite reasonably, that in some circumstances a residential structure used by one family should not qualify as a single family dwelling. He maintains that due to its commercial use the Westford Street property is an example of just such a dwelling. He points to the City of Lowell assessor's website which describes the property as an "office" having a style of "Stores/Apt Com" and notes that the city applies a "split tax rate" to the property, taxing part of it at the residential rate and part at the commercial rate. He also points out that Mr. Catton's own appraisal of the property describes it as a "two unit mixed use property."

The point where a single family dwelling with a self-contained commercial use crosses the line from residential to commercial and thus becomes ineligible for homestead protection is not identified in the statute. No court appears yet to have tackled this issue. Working with a clean slate, but ever mindful of the golden rule of exemption analysis that exemptions are to be liberally construed in favor of debtors, I would adopt an approach that is both logical and equitable by focusing on predominance. The point where a commercial use predominates over a residential use would become the tipping point for purposes of disqualifying a property from single family dwelling status under the homestead statute. A determination of whether a particular mixed-use dwelling would be eligible for homestead protection would thus require a fact intensive, case by case inquiry.

In this case, the parties have stipulated that the Westford Street property is zoned USF. USF zoning permits a home occupation, in other words a commercial use, either as of right or by special permit if signage is required, only if the commercial use is "clearly incidental and secondary to the use of the premises for residential purposes." Thus the facts establish that Mr. Catton's use of the Westford Street property for his insurance agency is not the predominant use. This conclusion is buttressed by the fact that out of 3,762 total square feet of interior space in the property, 2,313 square feet (61.5%) represents living area.

The fact that the City of Lowell assesses the Westford Street property using a split residential and commercial tax rate does not alter the outcome here. The test for homestead eligibility is not whether the single family dwelling includes *any* commercial use but whether the commercial use predominates. The appraisal of the property commissioned by Mr. Catton that describes it as a "two unit mixed use property" is equally unpersuasive. That same appraisal,

5

which is attached to the affidavit of Mr. Catton's attorney, also describes the property as zoned USF.

As indicated previously, the Massachusetts Supreme Judicial Court has repeatedly admonished that "[i]n light of the public policy [to protect the home from the claims of creditors for the benefit of the homestead declarant and his family] homestead exemptions are to be liberally construed in favor of debtors." *Dwyer v. Cempellin*, 424 Mass. 26, 30 (1996); *see also Shamban v. Masidlover*, 429 Mass. 50, 52 (1999). To adopt Mr. Nickless' restrictive interpretation of the statute would leave unprotected every home in which an owner operates a business, no matter how insubstantial. Owners living in structures that house both living quarters and home offices would be at risk of losing their homes to creditors, all because they lived and worked in the same building. Such a result would be at odds with the nature and purpose of the state homestead statute.

<u>Conclusion</u>

For the foregoing reasons, the trustee's objection to Mr. Catton's homestead exemption is OVERRULED.

At Worcester, Massachusetts this 5th day of March, 2015.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing: Jenifer DeCristofaro, Esq.
Law Offices of Jenifer DeCristofaro
Reading, MA
for Walter D. Catton, Jr., debtor

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
Fitchburg, MA
for David M. Nickless, chapter 7 trustee